Allen Lee MAY, Plaintiff–Appellant,

v.

GMC MANSFIELD METAL FABRI-CATING; UAW International; UAW Local 549, Defendants–Appellees.

No. 02–3589.

United States Court of Appeals, Sixth Circuit.

March 20, 2003.

**172**

Before MARTIN, Chief Judge; KENNEDY and DAUGHTREY, Circuit Judges.

*ORDER*

Allen Lee May, an Ohio resident represented by counsel, appeals a district court judgment dismissing his civil action filed pursuant to 42 U.S.C. §§ 1981, 2000e (Title VII) and Chapter 4112 of Ohio Rev.Code. May also alleges a breach of contract. The parties have waived oral argument, and this panel agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary relief, May sued the United Auto Workers International, the Local United Auto Workers (Union), and General Motors Corporation (GM) alleging discrimination regarding the opportunity to perform overtime work, the opportunity to work a fourth of July shut down, the union's failure to process his grievance regarding the denial of overtime, the disciplinary action filed against him, the union's revocation of his journeyman's welders card, and the denial of a welding position. The district court granted summary judgment to the defendants.

In his timely appeal, May asserts that the district court erred in concluding that: 1) he did not present evidence of discrimination; 2) the actions complained of were not racially motivated; the evidence was insufficient to establish a hostile work environment; and 4) the UAW did not act in a discriminatory fashion or breach its duty of fair representation.

The district court's judgment is reviewed de novo. *See Hartsel v. Keys,* 87 F.3d 795, 799 (6th Cir.1996). A Title VII race discrimination claim is analyzed in accordance with the burden shifting analysis of *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), which requires that a plaintiff must first prove a prima facie case of discrimination. *Id.* at 802, 93 S.Ct. 1817. In order to establish a prima facie case of race discrimination, the plaintiff must show that: 1) he is a member of a protected class; 2) he was subjected to adverse employment actions; 3) he was qualified for the position in question; and 4) he was replaced by a nonprotected person or similarly situated nonprotected employee receiving preferential treatment. *Id.* In order to compare his treatment to that of a nonprotected employee, the plaintiff must show that he or she is similarly situated to the nonprotected employee in all relevant respects. *Ercegovich v. Goodyear Tire & Rubber Co.,* 154 F.3d 344, 353 (6th Cir. 1998).

Once a plaintiff establishes a prima facie case of discrimination, the burden shifts to the defendant to articulate some legitimate, nondiscriminatory reason for the adverse employment action. *McDonnell Douglas Corp.*, 411 U.S. at 802, 93 S.Ct. 1817. If the defendant is able to establish a nondiscriminatory reason for the adverse action, the burden shifts back to the plaintiff to produce credible evidence that the reason offered by the defendant is a mere pretext for unlawful discrimination. *Id.* at 804, 93 S.Ct. 1817.

▮ As the district court noted, May did not present any direct evidence of discrimination. Although he claimed to have been treated differently from similarly situated non-minority employees, the evidence, as extensively summarized by the district court, establishes that comparable nonprotected individuals were not treated differently. The evidence regarding May's complaint as to overtime and overtime assignments do not show any discriminatory conduct. The same is true regarding his application for a welding position. Although May applied for a welder's position, the position was filled by an individual who, unlike May, was qualified and had more seniority than May. Therefore, May's allegation regarding racial discrimination fails.

May contends that the defendants' actions created a hostile work environment. In order to establish a claim for a hostile work environment, a plaintiff must demonstrate that: 1) he was a member of a protected class; 2) he was subject to harassment; 3) the harassment was based on his race; 4) the harassment unreasonably interfered with his work performance; and 5) the defendant knew or should have known about the harassment and failed to take corrective measures. *See Blankenship v. Parke Care Ctrs., Inc.*, 123 F.3d 868, 872 (6th Cir.1997). The Supreme Court has elaborated on what type of conduct can constitute harassment and form the basis of a hostile work environment claim. *See Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21, 114 S.Ct. 367, 126 L.Ed.2d 295 (1993). To prevail, the plaintiff must show conduct that is "sufficiently severe or pervasive to alter the conditions of the victim's employment and [to] create an abusive working environment." Conduct that is "merely offensive" will not suffice to support a hostile work environment action. *Id.*

▮ The facts establish that May was not subject to a hostile work environment. The record reflects that May's problems were a result of his alcohol abuse and that both GM and the union went to great lengths to assist May. Although May identified three events which he contends were racially motivated, when management was notified of the events, the offensive objects were immediately removed. Thus, the fifth prong of the hostile work environment action as set forth in *Blankenship* was not satisfied.

▮ Finally, May asserts that the union acted in a discriminatory manner and breached its duty of fair representation. A union breaches its duty of fair representation if its actions are either arbitrary, discriminatory, or in bad faith. *Black v. Ryder/P.I.E. Nationwide, Inc.*, 15 F.3d 573, 585 (6th Cir.1994). A union's actions will be considered "arbitrary" only if "in light of the factual and legal landscape at the time of the union's actions, the union's behavior is so far outside a 'wide range of reasonableness' as to be irrational." *Air Line Pilots Ass'n. Int'l v. O'Neill*, 499 U.S. 65, 67, 111 S.Ct. 1127, 113 L.Ed.2d 51 (1991) (citations omitted). Consequently, "[a] union does not ... have to exhaust every possible remedy requested by a member facing disciplinary action." *Black*, 15 F.3d at 585 (citations omitted). Instead, "a union acts arbitrarily only if 'it

handles a grievance in a "perfunctory" manner, with caprice or without rational explanation.' " *Linton v. United Parcel Serv.,* 15 F.3d 1365, 1370 (6th Cir.1994) (citations omitted).

The record establishes that the union acted aggressively to represent May's interests. Under no circumstances can the union's actions be considered "without rational explanation." *Id.* The union successfully settled many of May's grievances on his behalf and got numerous disciplinary actions expunged from May's employment record. To contend that the union's actions were a breach of fair representation is meritless.

Accordingly, we affirm the district court's judgment.